## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

    v.                         :        **Cr. No.: 22-290**

**KHYREE PRATT**                :

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of the Defendant's Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, and the government's response thereto, it is hereby

## ORDERED

that the motion is **DENIED** for the reasons set forth in the government's response.

BY THE COURT:

_____

**HON. R. BARCLAY SURRICK**
**United States District Court Judge**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| **v.** | :   **Cr. No.: 22-290** |
| **KHYREE PRATT** | : |

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S PRO SE MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821

Defendant Khyree Pratt has filed a pro se motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. The defendant is not eligible for relief under this amendment, and his motion should be denied.

### A.    Background.

On Setember7, 2022, Khyree Pratt was charged in an indictment with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On November 30, 2022, the defendant pled guilty to the offense pursuant to a plea agreement in which the parties agreed that defendant should be sentenced to a term of imprisonment that falls within the within the range of 36 to 57 months.

As set forth in the Presentence Report, Pratt's total offense level was 19. Pratt had committed three offenses as a juvenile, for which he received a total of 3 criminal history points. He had two adult convictions for which he received a total of 4 criminal history points, resulting in a total score of 7. He received 2 additional criminal history points

pursuant to U.S.S.G. § 4D1.1(d), commonly known as "status points," because he was on probation at the time he committed the offense in this case.[1] This resulted in a total criminal history score of 9, which placed him in criminal history category IV. At a total offense level of 19 and a criminal history category of IV, his guideline range was 46 to 57 months.

At the sentencing hearing on June 15, 2023, the Court adopted the guideline calculation in the Presentence Report, and imposed a within-range sentence of 50 months' imprisonment.

**B.      Discussion.**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points.

---

[1]   Under the Guidelines Manual in effect at the time of the defendant's sentencing, two "status points" were added to the criminal history score if the defendant committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d).

This amendment became effective on November 1, 2023. On August 24, 2023, the Commission decreed that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

The defendant's motion is premised on 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. The version of Section 1B1.10 applicable to sentence reductions under Amendment 821 was effective on November 1, 2023. Application note 9 provides: "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." Under Section 1B1.10: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by Section 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." § 1B1.10(a)(1).

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

Pratt is not eligible for a reduction in sentence under the status point amendment because it does not lower his criminal history category or his guideline range. He received a total of 7 points for his prior convictions, and 2 points for his probationary status. This resulted in a total score of 9, which placed him in category IV. Under the amended guideline, he receives 1 rather that 2 points, and his total criminal history score

is 8. This also places him in category VI, which applies to those with 7 to 9 criminal history points. The status point amendment does not reduce his criminal history category or his guideline range, and he is not eligible for a reduction in sentence.

Courts agree that where application of the pertinent amendment does not result in a lower guideline range, a reduction of sentence is not permitted. *See United States v. Lindsey*, 556 F.3d 238 (4th Cir. 2009) (finding that, although a defendant's offense level (prior to a departure) was 41, and is now 39, he was not entitled to relief because the sentencing range of 360 months to life remained unchanged); *United States v. McFadden*, 523 F.3d 839 (8th Cir. 2008) (per curiam); *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Jackson*, 324 F. App'x 153 (3d Cir. 2009) (not precedential) (ineligible because range unchanged based on guideline applicable to different drug also involved in the offense). Pratt's motion for a reduction in sentence under Amendment 821 should be denied.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


*/s Bernadette McKeon*
BERNADETTE McKEON
Assistant United States Attorney

- 5 -

- 6 -

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response to the

Defendant's Pro Se Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2)

was served by first class mail, postage prepaid, upon the following:

Mr. Khyree Pratt
Reg. No. 20686-510
FCI Schuylkill
P.O. BOX 759
Minersville, PA 17954

*/s Bernadette McKeon*
BERNADETTE McKEON
Assistant United States Attorney

Dated: February 26, 2024