IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 22-290 |
| KHYREE PRATT | : | |
| | : | |

**MEMORANDUM**

**SURRICK, J**  **NOVEMBER 4, 2024**

Presently before the Court is Defendant Khyree Pratt's ("Defendant" or "Pratt")'s *pro se* Motion for "Status Points" Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. (Mot., ECF No. 29.) Pratt seeks a sentence reduction based on Amendment 821 to the United States Sentencing Commission Federal Sentencing Guidelines ("Guidelines"). For the following reasons, Defendant's Motion will be denied.

I. **BACKGROUND**

On September 7, 2022, Khyree Pratt was charged in a one-count Indictment with possession of a firearm by a felon in violation of 21 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.) On March 15, 2023, Defendant entered a plea of guilty to this charge pursuant to a Rule 11(c)(1)(C) plea agreement with the Government. (*See* ECF Nos. 17, 18 (on file with Court).) In the plea agreement, the parties agreed on a term of imprisonment of 36-57 months imprisonment followed by a three-year period of supervised release. (ECF No. 17.) Defendant's initial Presentence Investigation Report ("PSR") calculated his total offense level

as 23, which included a 4-level increase under U.S.S.G. § 2K2.1(b)(6)(B),[1] and his criminal history as 9, placing him in criminal history category IV.  (PSR ¶¶ 25, 34-41 (on file with Court).)  The criminal history category resulted from a subtotal criminal history score of 7, plus 2 status points added pursuant to U.S.S.G. § 4A1.1(d) because Pratt committed the instant offense while under a criminal justice sentence of probation.  (*Id.* ¶¶ 39-41.)

At Defendant's June 15, 2023, sentencing hearing, the Court directed that the PSR be adjusted to remove the 4-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B),[2] and otherwise adopted the PSR.  (6/15/23 Hr'g Tr. 3-4; *see also* revised PSR ¶ 25 (on file with Court).)  Defendant's adjusted total offense score of 19 and criminal history category of IV resulted in an advisory Guidelines range of 46-57 months.  (*Id*. at 4.)  The Court sentenced Defendant to an imprisonment term of 50 months, which was within the Guidelines range and the range recommended in the parties' plea agreement.  (*Id.* at 18; Judgment at 2, ECF No. 26.)

Pratt's Motion seeks a sentence reduction based on the "status points" provision of Amendment 821 to the Guidelines.  In opposition, the Government argues that Pratt is not entitled to a reduction because Amendment 821 does not lower his Guidelines range.  (Gov't Opp., ECF No. 30.)

## II.     LEGAL STANDARD

A district court generally may not modify a term of imprisonment after it has been imposed, but it may do so when the adopted sentencing range has been lowered by the

---

[1] This provision calls for a 4-level increase in the offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B)

[2] At the sentencing hearing, the Government advised that it did not have the evidence to support the 4-level enhancement.  (6/15/23 Hr'g Tr. at 3-4, ECF No. 27.)

Sentencing Commission after the sentence is final and the Commission makes the Guidelines amendment retroactive. 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 821 (2010). To evaluate whether a defendant is entitled to a sentence reduction due to an amendment of the Guidelines, "the Court: (1) determines the defendant's eligibility for a reduced sentence and calculates their amended Guidelines range if they are eligible; and (2) considers any applicable [18 U.S.C. §] 3553(a) factors." *United States v. Banks*, No. 19-431, 2024 WL 919835, at *1 (E.D. Pa. Mar. 4, 2024) (citing *Dillon*, 560 U.S. at 826-27). In determining eligibility for a reduced sentence, courts must follow the instructions provided by Section 1B1.10 of the Guidelines. *Id*. "If a retroactive amendment to the Guidelines 'does not have the effect of lowering the defendant's applicable guideline range,' a reduction in the defendant's sentence is inconsistent with the Commission's policy statements and therefore not authorized by Section 3582(c)(2)." *Id*. (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

**III.     DISCUSSION**

Applying the Guidelines' amended status points provision, Pratt would receive 1 point because he committed the instant offense while under a criminal justice sentence of probation, instead of the 2 points he received at the time of sentencing. Although this would reduce his criminal history score to 8, a criminal history score of 7, 8, or 9 still results in a criminal history category of IV. *See* U.S.S.G. Sentencing Table, Ch. 5, Pt. A. Accordingly, Pratt's criminal history category remains IV and his Guidelines range of 46-57 months is unchanged. Because Pratt's Guidelines range is not lowered by Amendment 821, a reduction is not authorized by 18 U.S.C. § 3582(c)(2). *See, e.g.*, *United States v. Tate*, No. 24-1397, 2024 WL 1988830, at *1 n.4 (3d Cir. May 6, 2024) (noting that the defendant was not eligible for relief under § 3582(c)(2) based on Amendment 821 because it did not change his criminal history category and sentencing

range, which were set by his designation as a career offender); *United States v. White*, No. 21-460, 2024 WL 1557365, at *3-4 (E.D. Pa. Apr. 10, 2024) (concluding that the defendant was ineligible for a sentence reduction under § 3582(c)(2) because Amendment 821 did not reduce his criminal history category or Guidelines range).

## IV. CONCLUSION

For the foregoing reasons, Defendant's *pro se* Motion will be denied. An appropriate Order follows.

                                        **BY THE COURT:**

                                        */s/ R. Barclay Surrick*
                                        **R. BARCLAY SURRICK, J.**